IN THE MATTER OF THE APPLICATION OF THE HAWAIIAN ELECTRIC COMPANY, LIMITED, FOR APPROVAL OF CHANGES IN ITS DEPRE-CIATION CHARGES AND PRACTICE.

No. 3040.

FILED DECEMBER 20, 1957.          DECIDED FEBRUARY 3, 1958.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

*Per Curiam.* Appellant's petition for rehearing is denied. The petition sets forth five grounds for rehearing. We see no reason for changing our opinion reported on page 233 *ante.*

The first and fifth grounds reiterate appellant's argument on remaining life method which was elaborately briefed and argued and fully considered by this court. It may again be pointed out that appellant itself, in its original application for approval of changes in its depreciation charges and practice proposed the application of remaining life method in a converse situation where the amount of the book reserve for depreciation was less than the theoretical reserve under the straight line whole life group method of depreciation.

Under the second ground, appellant states that we are

incorrect in our statement that the 4% sinking fund whole life group method depreciates the difference between the cost of the plant and the theoretical reserve requirement; that appellant's method uses the book reserve in determining the plant to be depreciated; and that we recognized that appellant's method does so in the first full paragraph on page 139. When we said in the mentioned paragraph that appellant's proposal starts with the book reserve for depreciation, we had reference to the proposal contained in appellant's application filed with the commission, and not to appellant's proposal set forth in its briefs and supplemental memorandum. Appellant's proposal in its briefs and supplemental memorandum does not start with the book reserve for depreciation but with the theoretical reserve. Appellant's basis for saying that it uses the book reserve in determining depreciation apparently is its voluntary offer to retain the "excess" in a special reserve and not to transfer it to surplus.

The third and fourth grounds relate to the statement of this court that appellant's objection to the commission's order is based on the assumption that the order prescribed a 4% sinking fund whole life method. Appellant states that it makes no such assumption. However, without such assumption, there can be no basis for saying that the commission found an excess in the book reserve. The excess appears only when the book reserve is compared with the theoretical reserve under the 4% sinking fund whole life method.

*Marshall M. Goodsill* (*Anderson, Wrenn & Jenks*) for the petition.